IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE W. LYMUEL,

    Petitioner,　　　　　　　　　No. CIV S-06-2478 LKK GGH P

    vs.

BILL LOCKYER, et al.,　　　　　　　　ORDER AND

    Respondents.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges his 1995 conviction for assault with a deadly weapon. Court records indicate that petitioner has previously filed a petition for relief challenging the same conviction, CIV S-99-1525 LKK JFM P. On April 5, 2000, 99-1525 was dismissed as barred by the statute of limitations.

/////

1

1        If this is a second or successive petition, petitioner must move in the Ninth Circuit
2 Court of Appeals for an order authorizing this court to consider the motion.  28 U.S.C. § 2244.
3 According to the rule set forth in Slack v. McDaniel, a petition will not be deemed a "second or
4 successive" petition for purposes of Section 2244 where the prior petition "was not adjudicated
5 on the merits."  See Green v. White, 223 F.3d 1001, 1002 n. 1 (9th Cir. 2000), citing Slack v.
6 McDaniel, 529 U.S. 473, 485-486 (2000).  The law is clear that a dismissal based on the statute
7 of limitations is an adjudication on the merits of the claim.  See Ellingson v. Burlington Northern
8 Inc., 653 F.2d 1327, 1330 n. 3 (9th Cir. 1981)("[a] judgment based on the statute of limitations is
9 'on the merits'"); see also Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995)("The rules of
10 finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the
11 same way they treat a dismissal for failure to state a claim, for failure to prove substantive
12 grounds the same way they treat a dismissal for failure to state a claim, for failure to prove
13 substantive liability, or for failure to prosecute: as a judgment on the merits.") Thus, because
14 petitioner's prior petition was adjudicated on the merits, the instant petition is a "second or
15 successive motion."

16        Accordingly, the court recommends that this action be dismissed because petition
17 has not obtained permission from the Ninth Circuit to proceed with this second or successive
18 motion.

19        Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed
20 in forma pauperis is granted;

21        IT IS HEREBY RECOMMENDED that this action be dismissed.

22        These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1 | shall be served and filed within ten days after service of the objections. The parties are advised
2 | that failure to file objections within the specified time waives the right to appeal the District
3 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 | DATED: 12/26/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

lym2478.dis